NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

LORETTA TAYLOR; ANNICA MIZIN; BRETT WEAVER; BRIAN FORD; CHRIS LEYENDECKER; CHRISTOPHER SHELTON; CONNIE ALVAREZ; CORI MCGRADY; DANIELLE OYEN; DONALD WEAVER; FOREST BAILEY; FRANK ALBERT; GERRY HENDERSON; GREGORY BROWN; GUS BORNSTEIN; JAMES ERWICK; JASON RUDOLPH; JASON SANSOM; JODIE OLDHAM; JOE DARACUNAS; JOHN OYEN; JONATHAN PHILLIPS; JULIE BORNSTEIN; KAMBERLY WARNER; KELLY LUCK; LADONNA HEBERT; LANCE WEAVER; LANE TRUSSELL; LEO BLAKLEY; LESLIE GRABLE; LOGAN VEERSAMY; MALORY ATKINS-JOHNSON; MARY TRUSSELL; NICOLETTE PHILLIPS; NIZA PUCKETT; RICHARD SCHOLL; SCOTT FLEMING; SEAN MCGRADY; SHANNON TRAVIS, FKA Shannon Hicks; SHAWN ULRICH; SHELLY LARKIN; TODD DILLMON; TONI HOFFMAN; TRACY KESSLER WYANT, FKA Tracy Kessler; TRAVIS EILERTSON; WILLIAM WYANT; YVONNE GREEN,

Plaintiffs - Appellants,

No. 24-7120

D.C. No.
3:23-cv-06186-MLP

MEMORANDUM[*]

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

v.

WASHINGTON DEPARTMENT OF
CORRECTIONS; CHERYL STRANGE;
TODD DOWLER,

Defendants - Appellees.

Appeal from the United States District Court
for the Western District of Washington
Michelle L. Peterson, Magistrate Judge, Presiding

Submitted May 20, 2026[**]
Seattle, Washington

Before: TALLMAN, CLIFTON, and R. NELSON, Circuit Judges.

Plaintiffs-Appellants—forty-nine former employees of the Washington Department of Corrections (collectively, the Forty-Nine Former Employees)—brought a lawsuit against Defendants-Appellees Cheryl Strange and Todd Dowler, two officials working for the Washington Department of Corrections (DOC), for wrongful termination after they refused to comply with DOC's COVID-19 vaccine mandate policy. Appellants appeal the district court's decision to dismiss with prejudice three 42 U.S.C. § 1983 claims alleging violation of the Free Exercise Clause, violation of the Due Process Clause, and violation of the Equal Protection

---

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

2                                                          24-7120

Clause.  Appellants also appeal the district court's denial of leave to amend.

The district court had jurisdiction over the Forty-Nine Former Employees' federal claims under 28 U.S.C. §§ 1331 and 1343.  We have jurisdiction under 28 U.S.C. § 1291.  The district court declined to exercise supplemental jurisdiction over the Forty-Nine Former Employees' state law claims under 28 U.S.C. § 1367(c)(3), and Appellants do not challenge the district court's decision to refuse supplemental jurisdiction on appeal.  We affirm the district court, including on its grant of the motion to dismiss on the federal claims.

We review de novo the grant of a motion to dismiss and "may affirm on any ground supported by the record."  *Saloojas, Inc. v. Aetna Health of Cal., Inc.*, 80 F.4th 1011, 1014 (9th Cir. 2023).  A motion to dismiss is analyzed using the plausibility pleading standards of Federal Rule of Civil Procedure 8(a).  *See generally Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

The district court did not err in granting the motion to dismiss.  Appellants failed to state a claim against Appellees in their official capacity because they did not identify any ongoing violation of federal law that could be redressed by prospective injunctive relief; rather, they "seek only redress for past harms."  *Han v.*

*U.S. Dep't of Justice*, 45 F.3d 333, 338 (9th Cir. 1995).[1]

And qualified immunity bars Appellants' claims against Appellees in their individual capacity. Qualified immunity protects government officials from civil suit "unless a plaintiff pleads facts showing (1) that the official violated a statutory or constitutional right, and (2) that the right was 'clearly established' at the time of the challenged conduct." *Wood v. Moss*, 572 U.S. 744, 757 (2014). "A right is [only] clearly established when it is sufficiently clear that every reasonable official would have understood that what he is doing violates that right." *Zorn v. Linton*, 146 S. Ct. 926, 930 (2026) (cleaned up).

Qualified immunity bars Appellants' claims under § 1983. The facts alleged in Appellants' amended complaint do not plausibly support the inference that any of them were separated from their employment because of their religion, nor do they support the assertion that Appellees bore personal animus against the religious beliefs of the Forty-Nine Former Employees. And even if Appellants could point to a constitutional violation, they have not pointed to clearly established law that was violated at the time of the alleged termination. *Cf. Prince v. Massachusetts*, 321 U.S. 158, 166–67 (1944). Since Appellants' equal protection claim rests on the same purported religious discrimination, it is "subsumed by, and co-extensive with,

---

[1] The vaccine mandate was rescinded effective on or about October 31, 2022. Plaintiffs did not file this action until more than a year later.

[Appellants'] First Amendment [Free Exercise] claim." *Orin v. Barclay*, 272 F.3d 1207, 1213 n.3 (9th Cir. 2001). And thus, it too is barred by qualified immunity.

Appellants' procedural due process claim is foreclosed by our precedent in *Curtis v. Inslee*, 154 F.4th 678, 692–93 (9th Cir. 2025). And the substantive due process claim is barred under *Health Freedom Defense Fund, Inc. v. Carvalho*, 148 F.4th 1020, 1029–33 (9th Cir. 2025) (en banc).

Given Appellants have no viable claims against Appellees in either their official or personal capacities, the district court correctly dismissed their complaint. And the district court did not abuse its discretion in denying leave to amend because, considering Appellants' failure to cure these deficiencies after their initial complaint was dismissed, further amendment would be futile. *See Nelson v. Pima Cmty. Coll.*, 83 F.3d 1075, 1083 (9th Cir. 1996).

**AFFIRMED.**